# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-cr-530 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| DWAYNE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's two motions for reduction of sentence [200, 203] are granted in part and denied in part. The Court hereby reduces Defendant's term of imprisonment to 100 months, all other sentencing findings and conclusions to stand. This order shall become effective November 1, 2015.

## STATEMENT

Dwayne Williams ("Defendant") pleaded guilty to distribution of cocaine and was sentenced on February 7, 2012. (Dkt. # 171.) In sentencing Defendant, the Court found that his base offense level was 36 because he was responsible for between 90 and 95 kilograms of cocaine. (Sentencing Tr., Dkt. # 187 at at 72.) Reductions for acceptance of responsibility and the safety valve under 18 U.S.C. 3553(f) resulted in a total offense level of 31, which, when combined with Defendant's criminal history category of I, resulted in a guideline range of 108 to 135 months imprisonment. (Dkt. # 171.) The Court imposed a within-guideline range sentence of 125 months imprisonment. (*Id.*) On February 3, 2015, Defendant filed a pro-se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and retroactive Amendment 782 to the

Federal Sentencing Guidelines (Dkt. # 200.) Shortly thereafter, counsel for Defendant filed another motion adopting and supplementing Defendant's earlier pro-se filing. (Dkt. # 203.)

Under 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment after final judgment unless one of two exceptions apply: (1) the Director of the Bureau of Prisons moves for a reduction of sentence or modification is expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (2) the sentence was based on a sentencing range subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). Defendant's motion is founded on the second exception. Under 28 U.S.C. § 994(o)-(p), the Sentencing Commission is authorized to periodically revise the sentencing guidelines and submit such revisions to Congress for approval. Where it exercises this power to revise the guidelines for a particular class of offense, the Sentencing Commission must specify "in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C.A. § 994(u). In accordance with this statutory authority, the Sentencing Commission on April 30, 2014 promulgated Amendment 782, which generates a reduction of 2 offense levels for all offenses based on the drug equivalency tables in §2D1.1 and §2D1.11 of the Sentencing Guidelines, effective November 1, 2014. The Commission further specified that the sentence reduction would apply retroactively to defendants previously sentenced for the relevant drug offenses, but also that no order reducing a term of imprisonment could become effective until November 1, 2015.

Under Amendment 782, the quantity of drugs for which Defendant was found responsible now yields a base offense level of 34. Applying the same downward adjustments for acceptance of responsibility and the safety valve as well as Defendant's unchanged criminal history category, Defendant's new total offense level of 29 yields an amended guideline range of 87 to

108 months in prison. Although the Court imposed a sentence in the middle of Defendant's original guideline range, Defendant requests a sentence at the lower end of the amended range based on the argument that his educational and work history in prison demonstrates a sincere effort at rehabilitation. The government has indicated its agreement that Defendant is eligible for sentence reduction, but contends that a sentence in the middle of the amended range is appropriate.

Because it appears that Defendant qualifies under § 3582(c)(2), the Court agrees with the parties that modification of the original sentence is warranted and grants in part Defendant's motions for sentence reduction. Defendant's efforts to take classes towards his GED and work as a mechanic in prison are commendable, but do not substantially alter the Court's conclusion that the 18 U.S.C. § 3553(a) sentencing factors justify a midrange sentence in this case. Resentencing Defendant to the lower end of the amended guideline range would represent a windfall to which Amendment 782 does not entitle him. Defendant's original sentence was roughly two-thirds of the way between the lower and upper bounds of the guideline range; 100 months represents the same point in the amended guideline range. The Court, therefore, reduces Defendant's term of imprisonment to 100 months, all other provisions of the original judgment to remain unchanged. In accordance with the Sentencing Commission's requirements, the effective date of this order shall be November 1, 2015.

## **CONCLUSION**

For the reasons set forth above, Defendant's motions for sentence reduction [200, 203] are granted in part and denied in part. The Court reduces Defendant's sentence to a term of 100 months imprisonment, effective November 1, 2015.

**SO ORDERED.** **ENTERED: June 5, 2015**

```
                              _____
                              HON. RONALD A. GUZMAN
                              United States District Judge
```